have appointed a psychiatrist of his own choice to make the necessary examinations. Defendant may have reached the point where she was unable to distinguish between right and wrong in the situation that troubled her so acutely from the inception of the marriage. She may be ill and need psychiatric or other treatment or a course of conduct might be required other than that pursued by the husband, however good his intentions may have been. It certainly does not warrant discarding the wife and freeing the husband of the obligations entailed by the marital relationship. When parties marry and take each other in sickness and in health, those words are something more than a meaningless formula.

I conclude therefore, as I have indicated at the outset, that the judgment in favor of the husband should be reversed and judgment awarded to the wife for a judicial separation on the ground of abandonment unless, within a specified time, the plaintiff husband signifies his willingness to return and to live with her.

Peck, P. J., Callahan and Van Voorhis, JJ., concur in decision; Shientag, J., dissents in opinion in which Bergan, J., concurs.

Judgment affirmed. No opinion.

NED STRONGIN et al., Doing Business as SCREENMASTERS, Appellants, v. COLUMBIA ASSOCIATES, INC., Respondent.— Present — Peck, P. J., Glennon, Callahan, Van Voorhis and Shientag, JJ. [Order denied motion by judgment creditors for order directing payment to them.]

NED STRONGIN et al., Doing Business as SCREENMASTERS, Appellants, v. COLUMBIA ASSOCIATES, INC., Respondent.— Present — Peck, P. J., Glennon, Callahan, Van Voorhis and Shientag, JJ. [Order granted motion by judgment debtor to vacate third-party subpœna.]

CURTIS C. LANE, Doing Business as CONTINENTAL PURCHASING COMPANY, Respondent, v. PROVINCIAL BANK OF CANADA, Appellant, et al., Defendants.—

Present — Peck, P. J., Glennon, Callahan, Van Voorhis and Shientag, JJ.

In the Matter of the Estate of FREDERICK W. LEDERMAN, Deceased. ELFRIEDE LEDERMAN, as Executrix of FREDERICK W. LEDERMAN, Deceased, Appellant; LOU M. SACHS, Respondent.— The value of the chattel replevied should have been determined as of the date of the trial. We find that the evidence is sufficient to fix that value at $1,250 and no retrial or rehearing is required. Settle order on notice. Present — Peck, P. J., Dore, Cohn, Shientag and Bergan, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SHERMAN WHITE, Appellant, et al., Defendants.— Present — Peck, P. J., Dore, Cohn, Shientag and Bergan, JJ.

DAVID H. SIMS, Respondent, v. D. WARD NICHOLS et al., Appellants, et al., Defendants.— Present — Dore, J. P., Cohn, Callahan, Van Voorhis and Bergan, JJ. [Order denied motion to dismiss complaint under rule 106.] [See post, p. 986.]

DAVID H. SIMS, Respondent, v. D. WARD NICHOLS et al., Appellants, et al., Defendants.— No opinion. Present — Dore, J. P., Cohn, Callahan, Van Voorhis and Bergan, JJ. [Order denied motion to dismiss complaint under rule 107.] [See post, p. 986.]